**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERALD CONKLIN,<br>            Plaintiff | )<br>)<br>) |
| v. | )  C.A. 08-66 Erie<br>)<br>)  Magistrate Judge Baxter |
| VENANGO COUNTY PRISON, et al.,<br>            Defendants. | )<br>) |

**OPINION AND ORDER**

Chief Magistrate Judge Susan Paradise Baxter.

**I.     INTRODUCTION**

    **A.     Relevant Procedural and Factual History**

On March 10, 2008, Plaintiff Gerald Conklin, a prisoner formerly incarcerated as a pretrial detainee at the Venango County Prison in Franklin, Pennsylvania,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the following Defendants: Venango County Prison "(VCP"); Mr. Smith, Warden at VCP ("Smith"); Foster Lyles, Chief Deputy Warden at VCP ("Lyles"); Ms. Emigh, corrections officer at VCP ("Emigh"); Ms. Morrison, corrections officer at VCP ("Morrison"); Mr. Hunter, corrections officer at VCP ("Hunter"); Corporal Taylor, staff corporal at VCP ("Taylor"); Sgt. Buchannan, staff sergeant at VCP ("Buchannan"); and Mr. Winters, corrections officer at VCP ("Winters"). [Document # 8].  Plaintiff later filed an amended complaint, essentially removing VCP as a Defendant and replacing it with the Venango County Prison Board of Directors ("VCP Board"). [2]

    In his *pro se* Complaint, Plaintiff alleges that, while incarcerated at VCP, he was placed

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Graterford, Pennsylvania.

[2] It was unclear at such time whether Plaintiff intended to have VCP dismissed from this case.  In his subsequent "Reply to Defendants' Response to Motion to Dismiss" [Document # 44], Plaintiff agreed that Defendant VCP should be dismissed from this action.  As a result, VCP should be terminated from this case.

in a housing unit with an inmate named Jesse Wolfgang ("Wolfgang"), who had allegedly been diagnosed as having permanent physical and psychological damage that allegedly caused him to "act[] out in periods of violent distemper." (Document # 8, "Formal Statement of Complaint," at p. 1). Plaintiff claims that, on or about April 25, 2007, he was "cleaning A block" when Wolfgang began screaming at him. According to Plaintiff, Defendants Emigh, Morrison, Hunter, and Taylor, "came on the block to find out what Mr. Wolfgang's problem was," and allegedly overheard Wolfgang state that "he was going to kill and beat the crap out of the plaintiff." (Id. at p. 2). Plaintiff claims that he also "informed the guards of the problem, but still nothing was done to protect the well being of the plaintiff." (Id.). Apparently later that same day, after dinner, Wolfgang entered Plaintiff's cell "at a time when the said guards ... are suppose [sic] to secure cell doors for block cleaning, which never happened, and resulted in Mr. Wolfgang willfully causing bodily injury, as well as, permanent disfigurement to the Plaintiff, by punching the plaintiff in the face and slamming his facial area ... into the steel metal desk located in the ... cell." (Id. at p. 1). As a result, Wolfgang was arrested and charged with assaulting another inmate, and Plaintiff was taken to the local hospital and treated "for several injuries." (Id.).

      Plaintiff claims that "[a]ll of the incident could have been prevented by staff of the Venango County Prison doing the proper procedures to prevent this from happening and listening to the plaintiff and the situation at the time." (Id. at p. 2). Thus, Plaintiff asserts that Defendants were deliberately indifferent to his safety in violation of his Eighth Amendment rights. As relief for his claim, Plaintiff seeks an award of monetary damages "for pain and suffering as well as permanent disfigurement." (Complaint at Section VI).

      On February 13, 2009, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment [Document # 35], arguing that Plaintiff has admitted that he failed to exhaust his administrative remedies, and in any event, has failed to state a claim upon which relief may be granted. Plaintiff has filed several responses to Defendant's motion claiming that he did not need to file any grievances pertaining to his claim, and essentially restating the allegations of his complaint. [Document ## 40, 43, 44, 45]. The parties have consented to

having a United States Magistrate Judge exercise jurisdiction over this matter. [Document ## 2, 28].  This matter is now ripe for consideration.

### B.      Standards of Review
#### 1.      Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, ___ S.Ct. ___, ___ 2009 WL 1361536 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S.  265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of

specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

### 2. Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary

judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

5

**II.     DISCUSSION**

    **A.     Exhaustion**

        **1.     Exhaustion Requirement of the Prison Litigation Reform Act**   The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted*.

Id. (Emphasis added).

    The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3]  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion").  There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

    According to the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-2388 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it. Id.

### 2. Procedural Default Component

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).[4] The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

---

[4] There is a split of authority among the Circuits on this issue. Compare Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

The Venango County Prison has adopted a grievance process that an inmate must follow before being deemed to have exhausted his administrative remedies, which process is set forth in the Inmate Handbook that is provided to each inmate. (See Document # , Exhibit A). Initially, an inmate may file a formal, written grievance at any time within five (5) days after a "potentially grievance event" has occurred, which is forwarded to the officer in charge. (See Document # , Exhibit A at p. 16). The officer in charge may then attempt to informally resolve the grievance within 48 hours. If an informal resolution is not reached, the officer in charge will forward the grievance to the Deputy Warden of Treatment. (Id.). If the grievance cannot be resolved to the inmate's satisfaction by the Deputy Warden of Treatment within seven (7) days, a Grievance Committee is convened to resolve the issue, before which the inmate may appear to present his case. (Id.). If the inmate is dissatisfied with the Grievance Committee's resolution of the grievance, he may appeal to the prison Warden within five (5) working days after his receipt of the Committee's decision. The Warden then has ten (10) working days to decide the appeal, which decision is final. (Id. at p. 17).

### 3.     Exhaustion and Procedural Default Applied

Here, Defendants argue that Plaintiff has failed to exhaust his administrative remedies, based upon Plaintiff's admission that he did not file a grievance over the alleged failure to protect him from inmate Wolfgang. Specifically, in his "Concise Statement of Material Facts" filed with this Court, Plaintiff states that he "had no reason to file any grievances pertaining to the attack on his person, as the agents of the Venango County Prison, had in fact, placed criminal charges against the plaintiff's assailant, and had assured the Plaintiff that his medical issues would in fact be addressed and all costs absorbed by Venango County Prison, therefore conceding responsibility for this event as being through there [sic] own negligence to follow the established procedures as outlined in there [sic] own published Handbook." (Document # 31 at ¶ 8). Thus, in essence, Plaintiff is arguing that he was not required to file a grievance because doing so would have been futile, as Defendants had already accepted responsibility for the incident at issue. However, the Third Circuit has steadfastly recognized that there is no

"futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78. Most recently, in Williamson v. Wexford Health Sources, Inc., 131 Fed. Appx. 888 (3d Cir. 2005), the Third Circuit upheld the dismissal of an action because of the plaintiff's failure to exhaust his administrative remedies, despite the plaintiff's contention that further administrative exhaustion would have been futile because he had "received all the medical treatment he requested" in his grievance. 131 Fed. Appx. at 890, citing Nyhuis, 204 F.3d at 69 n. 4, 71. Accordingly, Plaintiff's argument that filing a grievance was unnecessary and, in essence, would have been futile because Defendants allegedly accepted responsibility for the assault, must fail in light of the foregoing precedent. Because any attempt to file an administrative appeal now would be time-barred, Plaintiff's claim is both unexhausted and procedurally defaulted. As a result, this case must be dismissed for Plaintiff's failure to exhaust his administrative remedies.[5]

An appropriate order follows.

---

[5] The Court notes that, in response to Defendants' assertion that he failed to exhaust his administrat8ive remedies, Plaintiff has raised various arguments, including: (i) he "was never afforded and in fact was denied the proper paper work from the prison official by which he could file a complaint for violation of his civil and constitutional rights;" (ii) "Venango County has no procedure by which a prisoner can file a grievance for what happened...;" and (iii) he did, in fact, file "several inmate requests, a letter to the Warden Smith's secretary Ms. Baker, with response back, and an inmate grievance all pertaining to the said incident..." (Document ## 40, 45). First, all of these arguments directly contradict Plaintiff's original assertion that he did not file a grievance because he was not required to do so. Second, the fact that Plaintiff was apparently provided a grievance form, and filed the same, in May 2007, belies his first and second contentions that he was refused the proper paperwork and that VCP does not have a grievance procedure. (See Document # 45 at p. 3). Third, the only grievance Plaintiff claims to have filed with regard to the incident in question merely challenges the medical bills he received for treatment of his injuries. (Id.). Accordingly, the arguments raised by Plaintiff in response to Defendants' exhaustion defense lack both credibility and merit.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD CONKLIN,<br>        Plaintiff<br><br>    v.<br><br>VENANGO COUNTY PRISON, et al.,<br>        Defendants. | C.A. 08-66 Erie<br><br>Magistrate Judge Baxter |

# **ORDER**

AND NOW, this 21st day of August, 2009,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for Summary Judgment [Document # 35] is GRANTED, and this action is DISMISSED for Plaintiff's failure to exhaust administrative remedies. The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge